# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERNEST GIBSON, Minor, by his**
**Guardian** *ad litem*, **SUSAN GRAMLING,**

                Plaintiff,

                                                    **Case No. 07-C-358**

       **-vs-**

**AMERICAN CYANIMID CO., ARMSTRONG**
**CONTAINERS,ConAgra FOODS, INC.,**
**E.I. du PONT de NUMOURS AND COMPANY,**
**MILLENIUM HOLDINGS, INC., NL INDUSTRIES,**
**INC., ATLANTIC RICHFIELD, THE SHERWIN-**
**WILLIAMS COMPANY, MILWAUKEE COUNTY**
**DEPARTMENT OF HEALTH AND HUMAN**
**SERVICES,**

                Defendants.

## DECISION AND ORDER

This products liability suit involving alleged injuries from the ingestion of lead-based paint was filed in Milwaukee County Circuit Court on December 22, 2006. On April 18, 2007, the defendants removed to this Court on the basis of diversity jurisdiction. Now before the Court is plaintiff's motion for remand. For the reasons that follow, plaintiff's motion is granted.

The plaintiff, Ernest Gibson ("Gibson"), is a citizen of Wisconsin. All of the defendants in the caption listed above (save one) are from states other than Wisconsin. Gibson's original complaint included the Department of Health and Family Services, State of Wisconsin, as a defendant. On March 22, 2007, the circuit court approved a stipulation

substituting Milwaukee County Department of Health and Human Services for the State of Wisconsin.

The State of Wisconsin was joined "for the purpose of complying with § 803.03 Wis. Stats.," which provides that "[a]ny public assistance recipient . . . asserting a claim against a 3rd party for which the public assistance provider has a right of subrogation or assignment . . . shall join the provider as a party to the claim." Wis. Stat. § 803.03(2)(a). However, the County Department is actually the appropriate party to pursue the lien, which is why the circuit court approved the stipulation.

The parties agree that the County Department is properly aligned as a plaintiff, even though it is listed as a defendant in the caption. Accordingly, the substitution of the County Department (a "citizen" of Wisconsin) for the State of Wisconsin created complete diversity between the plaintiffs and the remaining defendants. The State of Wisconsin is not considered a "citizen" for purposes of diversity jurisdiction. *See Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir. 1983) (state is not a citizen for diversity purposes); 28 U.S.C. § 1332(a)(1-3) (creating original jurisdiction in actions between "citizens of different States").

The plaintiff disputes this, arguing that the State of Wisconsin is actually the "real party in interest" for purposes of the diversity statute. While the Court disagrees, plaintiff's alternative argument carries the day. The defendants failed to meet their burden of demonstrating that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

The party seeking removal to federal court, indeed any party invoking federal jurisdiction, must prove the relevant jurisdictional facts by a "preponderance of the evidence" if the "material factual allegations are contested." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). With respect to the amount in controversy, this can be done by demonstrating that it is "more likely than not" that the amount at stake exceeds $75,000.00. *Id.* at 542. All doubts should be resolved against removal, both to protect against exposing the successful party to jurisdictional challenges of the final judgment and to prevent an infringement upon state sovereignty. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The plaintiff did not request a specific amount in his complaint, and has specifically refrained from doing so for rather transparent reasons. However, there is nothing untoward about plaintiff's recognition that the defendants bear the burden of proving contested jurisdictional facts. Obviously, Gibson brought suit in state court for a reason, and his forum of choice is entitled to deference.

To meet its burden, the defendants cite to a variety of published and unpublished lead poisoning cases, brought in Milwaukee County and elsewhere, where the amount of recovery exceeded the jurisdictional amount. This is a proper method to prove the jurisdictional amount, but the Court finds it unpersuasive in the instant case. In fact, the plaintiff provided a comprehensive survey of lead poisoning cases, which demonstrates that recovery in excess of $75,000.00 is essentially a 50/50 proposition. (Docket No. 45-3, Mealey's Litigation Report).

Moreover, the defendants failed to provide any evidence indicating that recovery in excess of $75,000.00 is more likely than not based upon the facts and allegations of this case. Rather, the defendants cite some cases and then, in the alternative, argue that the Court should allow limited discovery so they can continue efforts to meet their burden. While the Court pursued this course of action in a previous case, *see LaSusa v. Lake Mich. Trans-Lake Shortcut, Inc.*, 113 F. Supp. 2d 1306 (E.D. Wis. 2000), that case presented a unique factual scenario where the plaintiff alleged damages in excess of $50,000.00, but attempted to hide the ball with respect to *how much* in excess of $50,000.00 his claim was worth. *Id.* at 1309, 1310.

More generally, allowing limited discovery as to the jurisdictional amount suggests that the Court distrusts the state court's ability to properly adjudicate Gibson's complaint. At the same time, it creates an improper inference that the defendants have a right to trump the plaintiff's forum of choice. The Court has serious doubts that "limited discovery" would uncover the actual value of plaintiff's claim, because lead poisoning injuries are internal and do not lend themselves to a simple evaluation, and if limited discovery turns into extensive discovery, plaintiff's choice of forum erodes and the proper functioning of the state court system is undermined.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Gibson's motion for remand [Docket No. 35] is **GRANTED**; and

2. The Clerk of Court is directed to remand this case to Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**